**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4655**

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

BENJAMIN EUGENE GREEN, JR.,

 Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:99-cr-00057-1)

_____

Submitted:  March 20, 2014          Decided:  April 2, 2014

_____

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Erik S. Goes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Eugene Green, Jr., appeals the twenty-month sentence imposed following the revocation of his term of supervised release. Before this court, Green argues that the sentence is plainly unreasonable because it is greater than necessary to satisfy the purposes of supervised release. For the reasons that follow, we reject this argument and affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal.[*] United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. Id. at 438.

---

[*] Green concedes that this is the controlling standard of review in this circuit, but seeks to preserve the issue for further review by noting the existence of a circuit split as to the appropriate standard.

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court must also explain the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

If, after considering the above, we decide that the sentence is reasonable, we will affirm. Id. at 439. Only if we find the sentence to be procedurally or substantively unreasonable will we evaluate whether it is "plainly" so. Id.

Against these well-established principles, we readily conclude that Green's sentence is reasonable. The sentence is within the five-year statutory maximum authorized for the underlying Class A felony drug offense that resulted in the supervised release order. See 18 U.S.C. §§ 3559(a)(1), 3583(e)(3) (2012); 21 U.S.C. § 841(b)(1)(A) (2012). Our review of the record confirms that the district court considered the advisory policy statement range of eight to fourteen months'

3

imprisonment, the calculation of which was not disputed in the district court and is not challenged on appeal, and heard the parties' arguments regarding the appropriate sentence to be imposed. Furthermore, the district court drew upon the § 3553(a) factors enumerated in § 3583(e) in determining the proper sentence, which was driven, predominately, by Green's repeated use of marijuana, despite the court's prior lenient treatment and strong admonition that he stop doing so. Thus, this is little doubt as to the reasonableness of Green's twenty-month revocation sentence.

Green counters that the revocation sentence is procedurally unreasonable because it thwarts "the goals of supervised release itself." (Appellant's Br. at 9). We reject this argument as it improperly conflates the purposes that underlie the imposition of a term of supervised release in the first instance with the purpose for penalizing the defendant's violation of those terms. The revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised release, see Crudup, 461 F.3d at 438 ("'[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b)) (alteration in original)), and the district court's comments make plain that it

4

chose the twenty-month sentence to sanction Green's substantial breach of the trust and leniency that the court previously afforded him.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>